UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

BARRY LANE JACKSON       *    CIVIL ACTION NO.  13-0555

VERSUS       *    JUDGE JAMES T. TRIMBLE, JR.

JEAN BOSCO NGABONZIZA, ET AL.    *    MAG. JUDGE KAREN L. HAYES

<u>MEMORANDUM RULING</u>

On March 15, 2013, defendants Jean Bosco Ngabonziza, Tana Trans Company, and Great West Casualty Company removed this matter to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332.  On May 1, 2013, the court reviewed the notice of removal and the state court petition, but determined that it was not "facially apparent" from the bare damages allegations that plaintiffs' claims likely exceeded $75,000.  (May 1, 2013, Order [doc. # 8]).  The court further recognized that plaintiff's implied refusal to stipulate that his damages did not exceed $75,000 was not determinative.  *Id*.  Accordingly, the court directed defendants to file a memorandum, together with supporting documentation and/or affidavits, if appropriate, sufficient to establish the requisite amount in controversy as of the time of removal.  *Id*.[1]

On May 13, 2013, defendants filed a memorandum that, in effect, re-urged their initial arguments set forth in their notice of removal that the court deemed insufficient, *i.e.* that the requisite amount in controversy may be established from 1) the face of plaintiff's petition, and/or 2) plaintiff's apparent refusal to stipulate that his damages did not exceed $75,000.  *See* Def.

---

[1]  The court further ordered defendants to file an amended notice of removal to properly allege the citizenship of defendant, Great West Casualty Company.  *Id*.  Defendants so complied. (Amend. Notice of Removal [doc. # 9]).

Memo., [doc. # 10].   Plaintiff did not respond to defendants' memorandum, despite the

opportunity to do so.  *See*  May 1, 2013, Order [doc. # 8]).  Thus, the matter is now before the

court.

### Law

"A party may remove an action from state court to federal court if the action is one over

which the federal court possesses subject matter jurisdiction."  *Manguno v. Prudential Prop. &*

*Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *see* 28 U.S.C. § 1441(a).  "The removing party

bears the burden of showing that federal jurisdiction exists."  *De Aguilar v. Boeing Co.*, 47 F.3d

1404, 1408 (5th Cir. 1995) (citing *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252,

253-54 (5th Cir. 1961)).  To determine whether jurisdiction is present, courts consider "the

claims in the state court petition as they existed at the time of removal."  *Manguno*, 276 F.3d at

723 (citing *Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)).  "Any

ambiguities are construed against removal because the removal statute should be strictly

construed in favor of remand."  *Id.* (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th

Cir. 2000)).

In this case, defendants assert federal jurisdiction on the basis of diversity jurisdiction,

which, of course, requires complete diversity of citizenship and an amount in controversy

exceeding $75,000.  28 U.S.C. § 1332(a).  The parties here are diverse; the sole issue is whether

the amount in controversy requirement is satisfied.  The Fifth Circuit has

> established a clear analytical framework for resolving disputes concerning the
> amount in controversy for actions removed from Louisiana state courts pursuant
> to § 1332(a)(1).  Because plaintiffs in Louisiana state courts, by law, may not
> specify the numerical value of claimed damages, the removing defendant must
> prove by a preponderance of the evidence that the amount in controversy exceeds

$75,000.

*Gebbia v. Wal-Mart Stores, Inc*., 233 F.3d 880, 882-883 (5th Cir. 2000) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (internal citation omitted); *see also* 28 U.S.C. § 1446(c)(2).

"To satisfy the preponderance standard, the removing defendant may support federal jurisdiction either by establishing that it is 'facially apparent' that the claims probably exceed $75,000 or by establishing the facts in controversy in the removal petition or [summary judgment-type evidence] to show that the amount-in-controversy is met." *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 774 (5th Cir. 2003); *accord St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1254 (5th Cir. 1998). "If a defendant is successful in proving that the amount in controversy exceeds the jurisdictional limit, the burden shifts to the plaintiff to show with legal certainty that he or she will not be able to recover more than $75,000." *Hummel v. State Farm Mut. Auto. Ins. Co.*, No. 04-1386, 2005 U.S. Dist. LEXIS 127, at *5 (E.D. La. Jan. 5, 2005) (citing *De Aguilar*, 47 F.3d at 1411-12).

## Analysis

Defendants argue that the damages allegations in plaintiff's petition suffice to establish the threshold amount in controversy requirement. Plaintiff alleged that he suffered "substantial physical and mental trauma," and itemized the following damages,

a)   Mental Anguish, Physical Injuries, Inconvenience, and Medical Expenses (Past, Present, and Future);

b)   Conscious Pain and Suffering;

c)   Loss of Earning Capacity;

[d)]   Emergency Ambulance Expense; and

3

    [e)]      Property Damage.[2]
(Petition, ¶¶ 8, 9, & 16).

The court acknowledges that plaintiff alleged "substantial physical and mental trauma," and that his itemized damages include some of the types of damages used to find that the amount in controversy exceeded the jurisdictional threshold in *Gebbia, supra*.  Plaintiff' petition, however, includes neither specific serious injury(ies), nor additional categories of damages such as loss of enjoyment of life and permanent disability and disfigurement that were present in *Gebbia*.  Under these circumstances, it is not "facially apparent" that the amount in controversy exceeded $75,000 at the time of removal.  *See Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 851 (5th Cir. 1999).  Therefore, it devolves upon removing defendants "to produce information, through factual allegations or an affidavit, sufficient to show by a preponderance of the evidence that the amount in controversy exceed [ed] $75,000."  *Id*. (citation and internal quotation marks omitted).

The only evidence adduced by defendants is a copy of an e-mail from defense counsel to plaintiff's counsel that attached a proposed stipulation, and advised that if defense counsel did not hear from plaintiff's counsel by March 13, 2013, then defense counsel would "assume" that plaintiff was seeking damages greater than $75,000.  (March 11, 2013, E-mail from Brittany Courtenay to James Ross; Def. Memo., Exh. B).  When no response was forthcoming, defendants removed the matter to federal court.

The court reiterates, however, that plaintiff's refusal to stipulate that his damages do not

---

    [2]  Defendants emphasize that at the time of the accident, plaintiff was driving a 1984 Oldsmobile Cutlass.  (Def. Memo., pg. 2).  The court takes judicial notice of the fact that property damage to a 1984 Oldsmobile will not appreciably assist defendants towards establishing the $75,000 jurisdictional minimum.

4

exceed $75,000 is not dispositive.  *Myers v. Gregory*, Civ. A. No. 07-2213, 2008 WL 239570 (W.D. La. Jan. 29, 2008) (plaintiff's refusal to sign a binding stipulation does not suffice to meet defendant's burden of proof regarding amount in controversy).  Rather, plaintiff's refusal to stipulate is but one factor in determining whether the amount in controversy exceeded $75,000 at the time of removal.  *Carbajal v. Caskids Oil Operating Co.*, Civ. A. No. 05-5966, 2006 WL 1030392 (E.D. La. Apr. 18, 2006) (citations omitted).  When, as here, the allegations in the petition are, at best, no better than ambiguous, and where defendants have produced no supporting interrogatory responses, medical expenses, settlement demands, or other *affirmative* evidence, the court is compelled to find that plaintiff's implied refusal to stipulate that his damages do not exceed $75,000, does not suffice to establish that the amount in controversy likely exceeded the jurisdictional minimum.

## Conclusion

In sum, plaintiff's petition does not support diversity jurisdiction on its face, nor did removing defendants allege or aver additional facts which would support federal jurisdiction. *See Simon, supra*.  Accordingly, subject matter jurisdiction is lacking and remand is required.  28 U.S.C. §§ 1332 & 1447(c).[3]  The matter will be remanded, via separate judgment, to the Fourth

---

[3]  Federal courts are obliged to examine the basis for the exercise of federal subject matter jurisdiction.  *Smith v. Texas Children's Hospital*, 172 F.3d 923, 925 (5th Cir. 1999).  A lack of subject matter jurisdiction may be raised at any time.  *Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999).  Furthermore, a court must raise the issue *sua sponte* if it discovers it lacks subject matter jurisdiction.  *Id.*  Indeed, 28 U.S.C. § 1447(c) provides that, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

Judicial District Court for the Parish of Ouachita, whence it was removed.[4]

       IT IS SO ORDERED.

       THUS DONE AND SIGNED, in chambers, at Monroe, Louisiana, this 23rd day of May

2013.

                              KAREN L. HAYES
                              U. S. MAGISTRATE JUDGE

---

    [4] In their memorandum, defendants state that in the event the court determines that the amount in controversy does not exceed $75,000, they would like to reserve their right to re-remove this case at a later date if additional evidence shows that the amount in controversy exceeds $75,000.  (Def. Memo., pg. 4).  Without intimating an opinion on the extent or effect of defendants' right to re-remove, the court notes defendants' reservation of same.